# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

DEC 16 2015

ARTHUR JOHNSTON
BY_____ DEPUTY

Conrado Cruz Perez, Gerardo Gregorio
Vega, Juan Francisco Monroy Poredes, and
Marco Gonzales,
**Plaintiffs**

**v.**

Civil Action Number: 1:15cv415HSO-JCG

Oscar Gonzales individually,
Oscar Gonzales d/b/a O.G. Construction
a/k/a O G Inc.,   Ronald Perkins, individually,
Ronald Perkins d/b/a O.G. Construction
a/k/a O G Inc,  and Memorial Hospital at Gulfport,
**Defendants**

## COMPLAINT
### Jury Trial Demanded
### PRELIMINARY STATEMENT

1.      All of the above named Plaintiffs are Hispanic workers employed by Defendants,

Oscar Gonzales individually, Oscar Gonzales d/b/a O.G. Construction a/k/a O G Inc., Ronald

Perkins individually, Ronald Perkins d/b/a O.G. Construction a/k/a O G Inc., and Memorial

Hospital at Gulfport, (referred to herein collectively as "Defendants") in various past years.

Plaintiffs seek redress for Defendant's violations of their rights under the Fair Labor Standards

Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"),  Mississippi contract law, and 18 U.S.C. §§ 1589, *et*

*seq*. ("TVPA").

2.      Plaintiffs are hourly wage workers, some of whom are undocumented, who were

recruited by the Defendants to perform work at the Memorial Hospital at Gulfport job site

located at its main facility in Gulfport, Harrison County, Mississippi.  Plaintiffs were employed

during the last three (3) years as manual and skilled hourly laborers by Defendants.  While

working for the Defendants, Plaintiffs were not paid one-and-a-half times their regular hourly rate for all hours worked in excess of forty hours a week, in violation the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").  Plaintiffs seek redress and to recover from Defendants unpaid wages, interest, liquidated damages, punitive damages, attorneys' fees and costs on behalf of themselves under 29 U.S.C §216(b) and to obtain declaratory and injunctive relief.  *Id.* Plaintiffs also bring this action for Defendants' violations of the Plaintiffs' rights under the Traffic Victims Protection Act, 18 U.S.C. §§ 1589, et seq. ("TVPA").

3.       Defendants failed to properly pay Plaintiffs the federal minimum wage and all proper overtime wage as required by FLSA.

4.       Plaintiffs seek an award of money damages, declaratory and injunctive relief, statutory and/or actual damages, liquidated damages, punitive damages and pre- and post-judgment interest for the injuries each of them suffered due to Defendant's violation of the law. Plaintiff's seek declaratory and injunctive relief to ensure that they and others are not subjected to similar practices in the future.

## PARTIES

5.       Plaintiff Conrado Cruz Perez is an adult resident of Gulfport, Harrison County, Mississippi.

6.       Plaintiff Gerardo Gregorio Vega is an adult resident of Gulfport, Harrison County, Mississippi.

7.       Plaintiff Juan Francisco Monroy Paredes is an adult resident of Biloxi, Harrison County, Mississippi.

8.       Plaintiff Marco Gonzales is an adult resident of Biloxi, Harrison County, Mississippi.

9.      The Defendant Oscar Gonzales, individually and Oscar Gonzales d/b/a O.G. Construction a/k/a O G, Inc, is not a corporate entity and is an adult person residing at, and who may be served with process of this court at his home address of 2009 Heathers Ln, Vancleave, MS 39565 or wherever he may be found.

10.     The Defendant Ronald Christopher Perkins, individually, and Ronald Christopher Perkins d/b/a O.G. Construction, a/k/a O G Inc., is not a corporate entity and is an adult person residing at, and who may be served with process of this court at his home address of 25321 Road 402, Saucier, MS 39574 or wherever else he may be found.

11.     The Defendant, Memorial Hospital at Gulfport, is a political subdivision of Harrison County and the City of Gulfport which may be served with process of this Court by serving its Chief Executive Officer, Gary Marchand at his usual office located at 4500 13th Street, Gulfport, MS 39502 or wherever he may be found; and, by serving its owners: The City of Gulfport, by and through Mr. Billy Hewes, Mayor of the City of Gulfport, Office of the Mayor, Gulfport, MS 39502 or wherever he may be found; and by serving Harrison County Board of Supervisors wherever they may be found.

## JURISDICTION

12.     Jurisdiction is conferred upon this Court over this action as a result of the Defendants violations as arising under Section 16(b) of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §216(b), by Traffic Victims Protection Act 18 U.S.C. § 1589, et seq. (TVPA), 18 U.S.C. §1595(a) (civil trafficking), and by 28 U.S.C. §1331 (federal question) this action arising under the laws of the United States. The Court has supplemental jurisdiction over the state law causes of action asserted in the Complaint pursuant to 28 U.S.C. § 1376 because the state law claims form part of the same case or controversy as the federal law claims.

13.      Declaratory relief is authorized pursuant to 28 U.S.C. §§2201 and 2202.

## VENUE

14.      Venue is proper in this District pursuant to 28 U.S.C. §§1391(b) and (c) because all and/or a substantial part of the events giving rise to the Plaintiff's claim occurred in this district.

15.      Venue is also proper in this District pursuant to 18 U.S.C. § 1965(a) because some or all of the Defendants reside, are found, have agents, and/or transact his/her/its affairs in the Southern District of Mississippi.

## PARTIES

16.      At all times relevant to this action each and every one of the Plaintiffs herein were directly employed by individuals action as a "labor company" which was owned and operated by Oscar Gonzales, individually, Oscar Gonzales d/b/a O.G. Construction a/k/a O G Inc., Ronald Perkins, individually, Ronald Perkins d/b/a O.G. Construction a/k/a O G Inc. (hereinafter referred to as "labor company defendants").  Under their contract and agreement to employ the Plaintiff workers with Memorial Hospital at Gulfport, the labor company defendants were to retain and provide hourly labors to perform hourly labor services under a contract for labor for work to be performed at Memorial Hospital at Gulfport at which time each and every one of the Plaintiffs' hours of employment, manner of operation, scope of work to be performed, area of work, major tools, equipment and all supplies were provided and overseen by Memorial Hospital at Gulfport, and as such under the FLSA both Memorial Hospital at Gulfport were joint employers of the Plaintiffs who were the employees herein.

### Plaintiff Conrado Cruz Perez

17.      Plaintiff Conrado Cruz Perez is an individual who maintains his residence in Biloxi, Harrison County, Mississippi.  Mr. Conrado Cruz Perez was employed by the Defendants as a construction laborer who performed hourly garden and yard labor for all of the above named Defendants at the Memorial Hospital at Gulfport job site where we worked fifty-four (54) hours a week for each and every week from 2008 through October 2015 earning $ 9.00 per hour as his base hourly wage and was never paid overtime pay.

18.      Plaintiff Conrado Cruz Perez is of Hispanic decent being originally from Mexico and currently living and residing in Gulfport, Harrison County, Mississippi.

19.      Plaintiff Conrado Cruz Perez was hired by Defendants in approximately 2008 and work for Defendants through October 2015.

20.      Plaintiff Conrado Cruz Perez worked for Defendants at the Memorial Hospital at Gulfport job site in Gulfport, Harrison County, Mississippi from 2008 through October 2015.

21.      Plaintiff Conrado Cruz Perez works as a general garden and landscaping laborer. In connection therewith Plaintiff performed and provided general yard, garden and landscaping labor and as such, performed manual labor.

22.      During his employment at O.G. Construction, the Plaintiff Conrado Cruz Perez would be constantly abused and threatened by the Defendant Oscar Gonzalez. These threats would vary from getting fired, to be sent to Immigration. The abuse was also constant and varied, even to the point of attacking Conrado's manhood because of his sexuality, in an effort to mock and belittle Conrado.

23.      During the time of his employment at the Memorial Hospital, plaintiff Conrado Cruz Perez experienced a severe injury, but was Oscar would not let Conrado seeking any

medical attention at Memorial Hospital. This injury impeded him from working for over a month, and he is still having problems with it.

24.     During each and every week of his employment 2008 through October 2015, the Plaintiff, Conrado Cruz Perez worked fifty-four (54) hours per week, was paid at the hourly rate of $ 9.00 per hour and was never paid overtime wages.

25.     At all relevant times, Plaintiff Conrado Cruz Perez, along with all of the other Plaintiffs, were "employees" of the Defendants as the term is defined in the FLSA, 29 U.S.C. §203(e) and was a victim of human trafficking due to the abuse received at the hands of the Defendants as defined under the Traffic Victims Protection Act, 18 U.S.C. §§ 1589, et seq. ("TVPA").

### Plaintiff Gerardo Gregorio Vega

26.     Plaintiff Gerardo Gregorio Vega is an individual who maintains his residence in Biloxi, Harrison County, Mississippi.  Mr. Gerardo Gregorio Vega was employed by the Defendants as construction laborer who performed hourly construction labor for all of the above named Defendants at the Memorial Hospital at Gulfport job site where we worked fifty-four (54) hours a week for each and every week from 2008 through July 21, 2015 earning $ 13.00 per hour as his base hourly wage and was never paid overtime pay.

27.     Plaintiff Gerardo Gregorio Vega is of Hispanic decent being originally from Mexico and currently living and residing in Gulfport, Harrison County, Mississippi.

28.     Plaintiff Gerardo Gregorio Vega was hired by Defendants and/or transferred over to work at the Memorial Hospital at Gulfport job site in approximately 2008 and worked for Defendants continuously through July 21, 2015.

29.      Plaintiff Gerardo Gregorio Vega worked for Defendants at the Memorial Hospital at Gulfport job site in Gulfport, Harrison County, Mississippi from 2008 through July 21, 2015.

30.      Plaintiff Gerardo Gregorio Vega worked as a construction laborer.  In connection therewith Plaintiff performed and provided general construction labor and as such, performed manual labor, including but not limited to  carpentry work, sheetrock work, and painting.

31.      Defendant Oscar Gonzalez regularly lobbed threats of deportation and imprisonment against Plaintiff Gerardo Gregorio Vega for the duration of his employment.

32.      During the time of Plaintiff Gerardo Gregorio Vega's employment in O.G. Construction, Defendant Oscar Gonzalez would not only abuse and demean the Plaintiff, but force his coworkers to make fun of him using different threats.

33.      During the time of his employment at the Memorial Hospital, plaintiff Gerardo Gregorio Vega was forced to work in restricted and dangerous areas of the hospital, without being provided with any appropriate gear. He was also expected to handle blood, syringes and other biohazardous materials without any training or protection, exposing him to infection, injury or death, and subsequently exposing the patients of the Memorial Hospital to unhealthy conditions.

34.      When confronted by the Plaintiff Gerardo Gregorio Vega on his mistreatment of the workers, the Defendant Oscar Gonzalez would not only threaten the Plaintiff with deportation, but would also threaten to hurt his family.

35.      The Defendant Oscar Gonzalez would constantly take other contracts while working for Memorial Hospital, and the Plaintiff Gerardo Gregorio Vega and his coworkers, were forced to take materials from the Hospital to the other locations. When asked, they were forced to lie and say that they were actually working at the Hospital.

36.     During the time of his employment at the Memorial Hospital, plaintiff Gerardo Gregorio Vega was prohibited from engaging in conversation or friendship with any personnel working at the Memorial Hospital, with the intent of isolating him from contact with anyone outside of O.G. Construction. This isolation was fomented at length by Defendant Oscar Gonzalez, who threatened them with their job, imprisonment and deportation if they engaged people outside of the company.

37.     During each and every week of his employment at the Memorial Hospital job site from 2008 through July 21, 2015, the Plaintiff, Gerardo Gregorio Vega worked fifty-four (54) hours per week, and from 2011 through December 31, 2014 was paid the hourly rate of $ 11.00 per hour and was never paid overtime wages, and from and after January 1, 2015 through July 21, 2015 was paid the hourly rate of $ 13.00 per hour and was never paid overtime wages.

38.     At all relevant times, Plaintiff Gerardo Gregorio Vega, along with all of the other Plaintiffs, were "employees" of the Defendants as the term is defined in the FLSA 29 U.S.C.§203(e) and was a victim of human trafficking due to the abuse received at the hands of the Defendants as defined under the Traffic Victims Protection Act, 18 U.S.C. §§ 1589, et seq. ("TVPA").

### Plaintiff Juan Francisco Monroy Poredes

39.     Plaintiff Juan Francisco Monroy Poredes is an individual who maintains his residence in Biloxi, Harrison County, Mississippi.  Mr. Juan Francisco Monroy Poredes was employed by the Defendants as construction laborer who performed hourly construction labor for all of the above named Defendants at the Memorial Hospital at Gulfport job site where we worked fifty-four (54) hours a week for each and every week from 2007 through December 30, 2014 earning $ 13.00 per hour as his base hourly wage and was never paid overtime pay.

40.     Plaintiff Juan Francisco Monroy Poredes is of Hispanic decent being originally from Mexico and currently living and residing in Biloxi, Harrison County, Mississippi.

41.     Plaintiff Juan Francisco Monroy Poredes was hired by Defendants and/or transferred over to work at the Memorial Hospital at Gulfport job site in approximately 2007 and worked for Defendants continuously through December 30, 2014.

42.     Plaintiff Juan Francisco Monroy Poredes worked for Defendants at the Memorial Hospital at Gulfport job site in Gulfport, Harrison County, Mississippi from 2007 through December 30, 2014.

43.     Plaintiff Juan Francisco Monroy Poredes worked as a construction laborer.  In connection therewith Plaintiff performed and provided general construction labor and as such, performed manual labor, including but not limited to  carpentry work, sheetrock work, and painting.

44.     During the period of time where Plaintiff Juan Francisco Monroy Poredes worked for O.G. Construction, Defendant Oscar Gonzalez would routinely abuse him verbally with such terms like, "you are my servants", "who signs your checks, huh? So you better do everything I tell you", "I'm your daddy", "without me you'll starve to death", "you are an idiot", as well as other insults.

45.     While working for O.G. Construction, the Plaintiff Juan Francisco Monroy Poredes was purposefully misled by the Defendant Oscar Gonzalez. The Defendant would constantly threaten the Plaintiff by telling him "It's better for you to work for me because nobody would hire you. You have no papers. You are a wetback. If you ever stop working here, you'll go straight back to Mexico. I have a lot of money, so I don't know what you are going to do".

46.     The work environment that the Defendant Oscar Gonzalez fomented at O.G. Construction left an impact on the Plaintiff Juan Francisco Monroy Poredes. The Defendant would make the workers at the company argue and fight constantly by lying to them. After they had fought or argued, he would threaten to go to the police to report the "crime", and he would constantly hold this over their heads.

47.     During the time of his employment at the Memorial Hospital, plaintiff Juan Francisco Monroy Poredes was prohibited from engaging in conversation or friendship with any personnel working at the Memorial Hospital, with the intent of isolating him from contact with anyone outside of O.G. Construction. This isolation was fomented at length by Defendant Oscar Gonzalez, who threatened them with their job, imprisonment and deportation if they engaged people outside of the company.

48.     During the time of his employment at the Memorial Hospital, plaintiff Juan Francisco Monroy Poredes was forced to work in restricted and dangerous areas of the hospital, without being provided with any appropriate gear. He was also expected to handle blood, syringes and other biohazardous materials without any training or protection, exposing him to infection, injury or death, and subsequently exposing the patients of the Memorial Hospital to unhealthy conditions. Furthermore, the Defendant would force the employees to drink alcoholic beverages, and continue working under these dangerous conditions.

49.     During the time of his employment at the Memorial Hospital, plaintiff Juan Francisco Monroy Poredes was expected to work at the X-Ray room while it was operational without any appropriate protection.

50.     While working for O.G. Construction, plaintiff Juan Francisco Monroy Poredes, as well as the other employees, did not have any health insurance or any way of treating work

related injuries. Furthermore, Defendant Oscar Gonzalez would threaten them as to not seek medical assistance, even though some of the injuries were severe.

51.     During each and every week of his employment at the Memorial Hospital job site from 2007 through December 30, 2014, the Plaintiff, Juan Francisco Monroy Poredes worked fifty-four (54) hours per week, and from January 1, 2011 through December 30, 2014 he was paid the hourly rate of $ 13.00 per hour and was never paid overtime wages.

52.     At all relevant times, Plaintiff Juan Francisco Monroy Poredes, along with all of the other Plaintiffs, were "employees" of the Defendants as the term is defined in the FLSA 29 U.S.C.§203(e) and was a victim of human trafficking due to the abuse received at the hands of the Defendants as defined under the Traffic Victims Protection Act, 18 U.S.C. §§ 1589, et seq. ("TVPA").

### Plaintiff Marco Gonzales

53.     Plaintiff Marco Gonzales is an individual who maintains his residence in Biloxi, Harrison County, Mississippi.  Mr. Marco Gonzales was employed by the Defendants as construction laborer who performed hourly construction labor for all of the above named Defendants at the Memorial Hospital at Gulfport job site where we worked fifty-four (54) hours a week for each and every week from 2009 through December 30, 2013 earning $ 12.00 per hour as his base hourly wage and was never paid overtime pay.

54.     Plaintiff Marco Gonzales is of Hispanic decent being originally from Mexico and currently living and residing in Biloxi, Harrison County, Mississippi.

55.     Plaintiff Marco Gonzales was hired by Defendants and/or transferred over to work at the Memorial Hospital at Gulfport job site in approximately 2009 and worked for Defendants continuously through December 30, 2013.

56.     Plaintiff Marco Gonzales worked for Defendants at the Memorial Hospital at Gulfport job site in Gulfport, Harrison County, Mississippi from 2009 through December 30, 2013.

57.     Plaintiff Marco Gonzales worked as a construction laborer.  In connection therewith Plaintiff performed and provided general construction labor and as such, performed manual labor, including but not limited to  carpentry work, sheetrock work, and painting.

58.     During the period of time where Plaintiff Marco Gonzalez worked for O.G. Construction, the Defendant, Oscar Gonzalez, continually and habitually mistreated and abused Mr. Marco Gonzalez in both a verbal and physical manner.

59.     Defendant Oscar Gonzalez regularly lobbed threats of deportation and imprisonment against Plaintiff Marco Gonzalez for the duration of his employment.

60.     During the time of his employment at the Memorial Hospital, plaintiff Marco Gonzalez was forced to work in restricted and dangerous areas of the hospital, without being provided with any appropriate gear. He was also expected to handle blood, syringes and other biohazardous materials without any training or protection, exposing him to infection, injury or death, and subsequently exposing the patients of the Memorial Hospital to unhealthy conditions. Furthermore, the Defendant would force the employees to drink alcoholic beverages, and continue working under these dangerous conditions.

61.     While working for O.G. Construction, plaintiff Marco Gonzalez, as well as the other employees, did not have any health insurance or any way of treating work related injuries. Furthermore, Defendant Oscar Gonzalez would threaten them as to not seek medical assistance, even though some of the injuries were severe.

62.     During the time of his employment at the Memorial Hospital, plaintiff Marco Gonzalez contracted some infections in both hands and skin, resulting from their unsafe working conditions at the Memorial Hospital. While having being infected, plaintiff Marco Gonzalez was coerced by Defendant Oscar Gonzalez so as to not get any medical treatment, even though said infection was contracted during working hours.

63.     While working at the Memorial Hospital, plaintiff Marco Gonzalez, and other workers, were forced to work in isolated areas with no working air conditioning. During this time, the plaintiff was not allowed to go get fresh air or water for a period as long as 9 (nine) hours.

64.     During his employment with O.G. Construction, plaintiff Marco Gonzalez was forced to work on Sundays and various extra hours at a separate location without appropriate compensation. Defendant Oscar Gonzalez would make Mr. Marco Gonzalez work at the houses of Cristopher Perkins and Jimmy Douglas, on times where he was supposed to have days off, with no appropriate restitution.

65.     During the time of his employment at the Memorial Hospital, plaintiff Marco Gonzalez was prohibited from engaging in conversation or friendship with any personnel working at the Memorial Hospital, with the intent of isolating him from contact with anyone outside of O.G. Construction. This isolation was fomented at length by Defendant Oscar Gonzalez, who threatened them with their job, imprisonment and deportation if they engaged people outside of the company.

66.     During each and every week of his employment at the Memorial Hospital job site from 2009 through December 30, 2013, the Plaintiff, Marco Gonzales worked fifty-four (54) hours per week, was paid the hourly rate of $ 12.00 per hour and was never paid overtime wages.

67.     At all relevant times, Plaintiff Marco Gonzales, along with all of the other

Plaintiffs, were "employees" of the Defendants as the term is defined in the FLSA 29

U.S.C.§203(e) and was a victim of human trafficking due to the abuse received at the hands of

the Defendants as defined under the Traffic Victims Protection Act, 18 U.S.C. §§ 1589, et seq.

("TVPA").

## Labor Company Defendants

68.     At all times relevant to this action, Defendants Oscar Gonzales individually,

Oscar Gonzales d/b/a O.G. Construction, a/k/a O G Inc., and Defendant Ronald Perkins

individually, Ronald Perkins d/b/a O.G. Construction , a/k/a O G Inc., same of which are

generally referred to herein as the Labor Company Defendants were all engaged in commerce or

in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203

(s)(1)(A), in that each and every one of them acted and operated a labor company business

placing all of the above named Plaintiffs herein at the Memorial Hospital at Gulfport job site for

placement of labor at said job site pursuant to a contract for labor services entered into with

Memorial Hospital at Gulfport the work and labor was overseen and controlled by Defendants

Memorial Hospital at Gulfport.

69.     The labor company Defendants named herein and above are all individually and

collectively the owners, operators, and responsible parties who directly employed all of the

Plaintiffs herein and placed them at the Memorial Hospital at Gulfport job site for work.

70.     At all pertinent times herein Defendant labor company defendants had the

authority to hire and fire all of its employees, including Plaintiffs herein.

71.     At all pertinent time herein the labor company Defendant reported to the

Defendant Memorial Hospital at Gulfport who were the Defendant who maintained exclusive

authority over the jobs and labor employment the employees were provided, including the location, duration, successful completion and rate of pay paid for those jobs.

72.     Doing business as Oscar Gonzales, individually, Oscar Gonzales d/b/a O.G. Construction a/k/a O G Inc., Ronald Perkins, individually, Ronald Perkins d/b/a O.G. Construction a/k/a O G Inc., all of which individually and collectively as the labor company Defendants named herein and above in this Complaint, at all times relevant to this action, all of the Defendants were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA , 29 U.S.C. §203 (s)(1)(A), in that they as Defendants, each and every one of them, individually and collectively, operated a labor business and provided labor services to Defendant Memorial Hospital at Gulfport Corporation for employment of the Plaintiffs at the Memorial Hospital at Gulfport job site.

73.     At all times relevant to this action, Plaintiffs were employees of Defendants within the meaning of FLSA, 29 U.S.C. §203(e)(1).

74.     At all times relevant to this action, Plaintiffs were employees of Defendants within the meaning of FLSA 29 U.S.C. §203(g).

75.     At all times relevant to this action, Plaintiffs were victims of human trafficking due to the abuse received at the hands of the Defendants and their respective agents, representatives and assigns, as defined under the Traffic Victims Protection Act, 18 U.S.C. §§ 1589, et seq. ("TVPA").

## FACTS

76.     The labor company Defendants named herein undertook to recruit, retain and place construction and landscaping labor at the Memorial Hospital at Gulfport construction project located at Memorial Hospital at Gulfport in Harrison County, Gulfport, Mississippi.  The

labor company Defendants placed all of the above named Plaintiffs herein at the Memorial Hospital at Gulfport job site under contract with Defendant Memorial Hospital for the labor company Defendant workers, the Plaintiffs herein, to work under the direction and supervision of the Defendant Memorial Hospital, the property owner.

77.  Defendant Memorial Hospital, as issuer of initial labor company contract provided the labor company Defendants and its employees, those employees being the Plaintiffs herein, with all necessary materials, major equipment, daily work and duty location schedule, day to day job oversight, and specific project and task specific project completion approval over all work performed by the Plaintiffs.  As part of their supervisory control oversight, the Defendant Memorial Hospital exercised day to day authority over the Plaintiffs regarding hours of work, location of work, manner of work, and had authority to terminate Plaintiffs and removal of Plaintiffs from job site at any time.  Defendant Memorial Hospital even provided Plaintiffs with company badges which exhibited to the world that the Plaintiffs were acting a Memorial Hospital employees, agents and/or representatives will full authority to act and be treated as such.

78.  Defendants issue badges to their employees, including the Plaintiffs, which allowed the Plaintiffs to enter job site and to enter job site areas under specific authority and control of the Defendant Memorial Hospital.

79.  Defendants paid Plaintiffs by check.

80.  Plaintiffs worked more than 40 hours per week and actually did in fact work 54 hours per week, each and every week, of the Plaintiffs' respective employment at the Memorial Hospital at Gulfport job site for the Defendants.  Defendants required Plaintiffs to work six and sometimes seven days per week.

81.     Defendants never paid Plaintiffs one-and-a-half times their hourly rate for all hours worked in excess of forth (40) in a week.

82.     Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA.  Defendants wear and are aware of the custom and practice of overtime pay from the experience and expertise in the industry in which they work.

## COLLECTIVE ACTION ALLEGATIONS

83.     During the past three (3) years numerous persons similarly situated to the named Plaintiffs have worked and do work for the Defendants performing services similar to the services provided by the named Plaintiffs.

84.     To date, the following individuals have requested to join in this action against Defendants Oscar Gonzales individually, Oscar Gonzales d/b/a O.G. Construction a/k/a O G Inc., Ronald Perkins individually, Ronald Perkins d/b/a O.G. Construction a/k/a O G Inc., and Memorial Hospital at Gulfport, Mississippi.

85.     Defendants paid the named Plaintiffs at a flat hourly rate for work performed with no overtime ever being paid.

86.     Defendants treated the named Plaintiffs herein as exempt from FLSA's overtime requirements.

## COUNT I

## FAIR LABOR STANDARDS ACT

87.     All the foregoing allegations are incorporated by reference as if set forth fully herein.

88.      Pursuant to 29 U.S.C. §206(b), the Plaintiffs have consented in writing to be Plaintiffs in this FLSA action.  Their written consent is attached hereto as "**Exhibit A**".

89.      Plaintiffs bring the claims set forth in *Count 1*, alleging violations of the FLSA, as a putative collection action on behalf of themselves as some or all of them are current and former employees of Defendants who are or have been employed by Defendants during the three (3) years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of 40 hours in any work week and failed to receive premium pay, at a rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a work week.

90.      Defendants willfully violated the overtime provisions of the FLSA, 29 U.S.C. §207 (e) by not paying Plaintiff and other similarly situated employees one-and-a-times their regular rate for all hours worked in excess of forty in a work week from at least August 2012 and continuing until the present.

91.      As a consequence of the Defendants FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated , pursuant to 29 U.S.C. §216(b).

92.      This count sets for a claim for declaratory relief and damages for each Defendant's violation of the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA").

93.      Defendants violated the FLSA, 29 U.S.C. §206(a), by failing to pay Plaintiffs at least $7.25, the federal minimum wage, for every compensable hour of labor they performed during each work week they were employed.

94.        Defendants violated the FLSA, 29 U.S.C. §207(a), by failing to pay Plaintiffs the proper overtime wage rate.

95.        Defendant's failure to pay Plaintiffs their federally mandated minimum and overtime wages was a willful violation of the FLSA with the meaning of 29 U.S.C. §255(a).

96.        As a consequence of Defendant's violations of the FLSA, Plaintiffs are entitled to recover their unpaid minimum and overtime wages, plus an additional equal amount of liquidated damages, the costs of suit and reasonable attorneys' fees pursuant to 29 U.S.C. §216(b).

## COUNT II

### THE WILLIAM WILBERFORCE TRAFFICKING VICTIMS PROTECTION REQUTHORIZATION ACT OF 2008 (18 U.S.C. § 1595)

97.        The Plaintiffs re-allege and incorporate herein by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

### Authority for a Civil Action

98.        Each and every one of the Plaintiffs herein are victims of the following violations f Title 18, Chapter 77 of the United States Code: 18 U.S.C. Sections 1589, 1590, 1592, and 1594 (a) and (b).

99.        As set forth in 18 U.S.C. section 1595(a), Plaintiffs may bring a civil action against the perpetrators of these violations and "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which the person knew or should have known has engaged in a violation" of this provision". See: TVPA, 18 U.S.C. §1595.

100.      Defendants were perpetrators of the violations of 18 U.S.C. sections 1589, 1590,

1594(a) and (b), and/or knowingly benefitted financially from participation in a venture which

they knew or should have known engaged in a violation.

### Forced Labor(18 U.S.C. §1589)

101.      Defendant acquired the labor of Plaintiff by means of abuse and/or threatened

abuse of law or legal process and by means of a scheme, pattern or plan intended to cause

Plaintiff to believe that they had no choice but to perform labor for substandard wages and that

if they did not perform the labor, they would suffer serious and detrimental harm, including

deportation.

102.      Defendants formulated a scheme whereby Plaintiffs were recruited, isolated and

threatened with deportation if he did not comply with each and every demand of Defendant.

103.      The purpose and effect of this scheme was to cause Plaintiff to believe that if they

did not perform the required labor they would suffer serious harm, loss of employment and even

criminal and/or immigration consequences.

104.      Serious harm can be perceived by persons under similar and surrounding

circumstances and while threats may not have been made to each individual victim, the threat to

harm members of a group are threats of harm to all under the law.

### Trafficking with Respect to Peonage, Slavery, Involuntary Servitude or
### Forced Labor (18 U.S.C. §1590)

105.      Defendants aided and abetted the recruitment and transportation of Plaintiff and

other foreign nationals for labor and services in violation of 18 U.S.C. sections 1589, 1592,

1594(a) and 1594(b).  Defendants, in collusion with the recruiting agencies by coerced Plaintiffs into maintaining their employment by threatening retribution should they not continue their employment, communicate to Plaintiffs that due to their immigrant status they could not obtain alternative employment, by telling them they were fortunate to be receiving wages at level, by withholding medical care for injuries and in general engaging in an atmosphere of oppression and derision.

106.      Defendants knowingly benefitted financially from participation in a venture which they knew, or should have known, as they were engaged in these acts.

### Attempt and/or Conspiracy to Violate 18 U.S.C. Sections 1589 and 1590
### (18 U.S.C. §1594(a) and (b))

**107**.      Defendants attempted and/or conspired to violate 18 U.S.C. Sections 1589 and 1590 in violation of 18 U.S.C. Section 1594(a) and (b) through a common scheme to cause Plaintiffs to believe that if the did not perform the required labor, they would suffer serious harm.

108.      Defendants knowingly benefited financially from participation in a venture which the Defendants knew, or should have known, as they were engaged in these acts.

### **PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray this Court will enter an Order:

1.      Entering a declaratory judgment that each Defendant violated the rights of each Plaintiff right under the FLSA and TVPRA;

2.      Permanently enjoining each Defendant from further violations of the FLSA and TVPRA;

3.      Granting judgment in favor of each and every Plaintiff and against each Defendant, joint and severally, on Plaintiffs' individual and collective claims under the FLSA

and awarding each of them the amount of their individual unpaid minimum and overtime wages, along with additional compensatory damages, attorneys' fees, costs, an equal amount of liquidated damages, prejudgment interests;

4.      Granting judgment in favor of Plaintiffs and against each Defendant, joint and severally, for breach and violations of federal law and of the TVPA and awarding each of the Plaintiffs his actual and consequential damages, punitive damages and prejudgment interest, Granting judgment in favor of the Plaintiff and against each Defendant, jointly and severally, on Plaintiffs' claims under the TVPA and awarding each Plaintiff punitive damages for violation of federal law;

5.    Awarding Plaintiffs the cost of this action;

6.    Awarding each Plaintiff reasonable attorneys' fees; and,

7.    Granting such relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

Respectfully submitted, this the 9th day of November, 2015.

**CONRADO CRUZ PEREZ, GERARDO GREGORIO VEGA, JUAN FRANCISCO MONROY POREDES, AND MARCO GONZALES, PLAINTIFFS**

BY:   _____

John A. Foxworth, Jr. (Miss. Bar No. 8944)
Attorney for Plaintiffs

John A. Foxworth, Jr.
Foxworth Law Office
1231 28th Street
Gulfport, MS  39501
P.O. Box 2345
Gulfport, MS  39505
Ph 228-328-0200
Fax 228-328-0201
eMail: John@foxworthlaw.com