## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **Conrado Cruz Perez, Gerardo Gregorio Vega, Juan Francisco Monroy Poredes, and Marco Gonzales,** | **Plaintiffs** |
| **v.** | **Civil Action No.: 1:15cv415-HSO-JCG** |
| **Oscar Gonzales, individually; Oscar Gonzales d/b/a O.G. Construction a/k/a O G Inc.; Ronald Perkins, individually; Ronald Perkins d/b/a O.G. Construction a/k/a O G Inc.; and Memorial Hospital at Gulfport** | **Defendants** |

_____

## DEFENDANT MEMORIAL HOSPITAL AT GULFPORT'S
## MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

_____

Plaintiffs' filed their Complaint on December 16, 2015.[1] **ECF No. 1.** In the Complaint, Plaintiffs contend the Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs the federal minimum wage for every compensable hour of labor they performed and failed to pay Plaintiffs the proper overtime rate for worked performed over forty hours in a workweek. **ECF No. 1, ¶¶ 87-96**. Plaintiffs also contend the Defendants obtained labor by force and "trafficked" the Plaintiffs in violation of the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"). **ECF No. 1, ¶¶ 97-108**. Defendant Memorial Hospital at Gulfport ("Memorial") moves to dismiss the trafficking allegations levied against it due to Plaintiffs' failure to allege any facts showing that Memorial violated the TVPRA.

_____

[1] Defendant Memorial Hospital at Gulfport waived service of process. Thus, the Hospital was afforded sixty days to respond to Plaintiffs' complaint under Rule 4(d).

FPDOCS 31483183.1

## I.      Rule 12(b)(6) Standard

Rule 12(b)(6) provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  Plaintiffs' trafficking claims, as to Memorial, fail because they have pleaded insufficient facts to support them.

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, the factual content provided must allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct, and this requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]'- that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)).

## II.      Plaintiffs' TVPRA claims against Memorial should be dismissed

### A.      A brief history of the TVPRA

Congress enacted the Trafficking Victims Protection Act of 2000[2] to combat trafficking in persons, to ensure just and effective punishment (i.e., criminal fines or imprisonment) of traffickers, and to protect victims. Pub. L. No. 106-386, Div. A, § 102, 114 Stat. 1466 (codified

---

[2] The Trafficking Victims Protection Act of 2000 was Division A to the Victims of Trafficking and Violence Protection Act of 2000, which also created the Violence Against Women Act of 2000.

FPDOCS 31483183.1

as amended at 22 U.S.C. § 7101 *et seq.* (2000)). The Act was reauthorized in 2003, and Congress

changed the name to the Trafficking Victims Protection Reauthorization Act of 2003. Pub. L.

No. 108-193, 117 Stat. 2878. The reauthorized version provided for a civil remedy in addition to

criminal penalties. Pub. L. No. 108-193, § 4(a)(4)(A), 117 Stat. 2878 (codified as amended at 15

U.S.C. § 1595 (2003)). In 2008, Congress again reauthorized the Act, this time renaming it the

William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008, and amended

the civil remedy provision.[3] Pub. L. No. 110-457, 122 Stat. 5067 (codified as amended at 15

U.S.C. § 1595 (2008))). The current civil remedy provision under the TVPRA states as follows:

> An individual who is a victim of a violation of this chapter may
> bring a civil action against the perpetrator (or whoever knowingly
> benefits, financially or by receiving anything of value from
> participation in a venture which that person knew or should have
> known has engaged in an act in violation of this chapter) in an
> appropriate district court of the United States and may recover
> damages and reasonable attorney's fees.

18 U.S.C. 1595(a). Under the TVPRA's framework, an individual can seek civil redress for

violations of the TVPRA by showing (a) that a perpetrator violated certain provisions of the

TVPRA, all of which were originally set forth in the TVPRA as criminal violations, or (b) that

he participated in a venture that he knew or should have known was in violation of the Act.

### B.    Plaintiffs' TVPRA claims

Plaintiffs allege that the Defendants violated the following sections of the TVPRA:

- 18 U.S.C §1589**,** which prohibits knowingly providing or obtaining labor by means of force or physical restraint, threats of force or physical restraint, serious harm or threats of serious harm, or abuse or threatened abuse of law or the legal process;[4]

---

[3] Congress also reauthorized the Act in 2005 to analyze the government's progress to combat trafficking since the enactment of the Act in 2000 and 2003. Pub. L. No. 109-64, 119 Stat. 3558. In 2013, it amended the Act a final time to expand the statute of limitations from six years to ten years, and to clarify certain definitions. Pub. L. No. 113-4, 127 Stat. 110.

[4] ECF No. 1, ¶¶ 101-104

3

- 18 U.S.C. §1590, which provides for criminal fines and imprisonment for an individual who knowingly recruits, harbors, transports, provides, or obtains by any means, any person for labor or services in violation of Chapter 77;[5]

- 18 U.S.C. §1594 (a) and (b), which provides that any attempt to violate the TVPRA, or attempt to conspire to violate the TVPRA, is punishable under the TVPRA.[6]

In support of their claims that Defendants violated the TVPRA, Plaintiffs offer more than sixty paragraphs dedicated to the facts, none of which actually allege a violation by Memorial.[7]

**C.** **Plaintiffs have alleged no facts that show Memorial is liable for a violation of the TVPRA, and have therefore failed to state a claim upon which relief can be granted.**

Before Plaintiffs can invoke Section 1595 of the TVPRA to seek civil remedies from Memorial, Plaintiffs must set forth enough facts to state a claim to relief that is plausible on its face. Said another way, Plaintiffs must allege facts that if taken as true would show Memorial violated one or more of the foregoing sections of the TVPRA,[8] deliberately "participated in a venture" with others who were violating the TVPRA, or knowingly benefitted from someone else's violation of the TVPRA. Memorial respectfully submits that at no time did it violate any provision of the TVPRA, that it has no knowledge that any person or entity violated the TVPRA, or that it knowingly benefited from any violation of TVPRA. Critically, at least for the purposes of Memorial's Motion, Plaintiffs have not set forth the first fact demonstrating that Memorial should be liable under the TVPRA.

---

[5] ECF No. 1, ¶¶ 105-106.

[6] ECF No. 1, ¶¶ 107-108.

[7] The facts are included under the headings "Parties" and "Facts."

[8] Specifically, Plaintiffs allege violations of Sections 1589, 1590 and 1594.

4

### 1.    Plaintiffs fail to provide facts showing that Memorial violated 18 U.S.C. § 1589

The bulk of Plaintiffs' Complaint sets forth facts in support of Plaintiffs' causes of action. **ECF No. 1, ¶¶ 16-82.** Many of these facts relate to Plaintiffs' TVPRA claims.[9] For example, Plaintiffs detail how they were "constantly abused and threatened," demeaned, "forced to work in restricted and dangerous areas of the hospital," isolated, referred to as "wetbacks," and generally mistreated – all as evidence that Defendants forcibly obtained labor in violation of Section 1589.

Glaringly absent from each of Plaintiffs' factual allegations is any mention of how Memorial violated the TVPRA, however. In fact, blame is only apportioned to one or more of the other Defendants, which Plaintiffs refer to by name or collectively as the "labor company Defendants":

- "During his employment at O.G. Construction, the Plaintiff Conrado Cruz Perez would be constantly abused and threatened by the Defendant Oscar Gonzalez."[10]

- "Oscar would not let Conrado seeking [sic] any medical attention at Memorial Hospital."[11]

- "Defendant Oscar Gonzalez regularly lobbed threats of deportation and imprisonment against Plaintiff Gerardo Gregorio Vega for the duration of his employment."[12]

---

[9] Facts are also offered in support of Plaintiffs' FLSA claims, which are not the subject of this Motion. Memorial reserves the right to challenge those facts at a later date.

[10] ECF No. 1, ¶ 22.

[11] ECF No. 1, ¶ 23.

[12] ECF No. 1, ¶ 31.

FPDOCS 31483183.1

- "Defendant Oscar Gonzales would not only abuse and demean the Plaintiff [Vega], but force his coworkers to make fun of him using different threats."[13]

- "[T]he Defendant Oscar Gonzalez would not only threaten the Plaintiff with deportation, but would also threaten to hurt his family."[14]

- "During the time of his employment at the Memorial Hospital, plaintiff Gerardo Gregorio Vega was prohibited from engaging in conversation or friendship with any personnel working at the Memorial Hospital, with the intent of isolating him from contact with anyone outside of O.G. Construction. This isolation was fomented at length by Defendant Oscar Gonzalez, who threatened them [sic] with their [sic] job, imprisonment and deportation if they [sic] engaged people outside of the company."[15]

- "During the period of time where Plaintiff Juan Francisco Monroy Poredes worked for O.G. Construction, Defendant Oscar Gonzalez would routinely abuse him verbally with such terms like, 'you are my servants', 'who signs your checks, huh? So you better do everything I tell you', 'I'm your daddy', 'without me you'll starve to death', 'you are an idiot', as well as other insults."[16]

- "While working for O.G. Construction, the Plaintiff Juan Francisco Monroy Poredes was purposefully misled by the Defendant Oscar Gonzalez. The Defendant would constantly threaten the Plaintiff by telling him 'It's better for you to work for me because nobody would hire you. You have no papers. You are

---

[13] ECF No. 1, ¶ 32.

[14] ECF No. 1, ¶ 34.

[15] ECF No. 1, ¶ 36. Plaintiffs make nearly identical allegations in Paragraphs 47 and 65.

[16] ECF No. 1, ¶ 44.

6

a wetback. If you ever stop working here, you'll go straight back to Mexico. I have a lot of money, so I don't know what you are going to do'."[17]

- "The work environment that the Defendant Oscar Gonzalez fomented at O.G. Construction left an impact on the Plaintiff Juan Francisco Monroy Poredes."[18]

- "Furthermore, Defendant Oscar Gonzalez would threaten them as to not seek medical assistance, even though some of the injuries were severe."[19]

- "During the period of time where Plaintiff Marco Gonzalez worked for O.G. Construction, the Defendant, Oscar Gonzalez, continually and habitually mistreated and abused Mr. Marco Gonzalez in both a verbal and physical manner."[20]

- "Defendant Oscar Gonzalez regularly lobbed threats of deportation and imprisonment against Plaintiff Marco Gonzalez for the duration of his employment."[21]

- "While having been infected, Plaintiff Marco Gonzalez was coerced by Defendant Oscar Gonzalez so as to not get any medical treatment . . . ."[22]

Despite a penchant for detail, not once do Plaintiffs actually describe Memorial's supposed violation(s) of Section 1589. Moreover, Plaintiffs offer nothing to suggest that Memorial knew or should have known that one or more of the other Defendants were violating Section 1589. Nonetheless, each Plaintiff closes his respective section with the conclusory

---

[17] ECF No. 1, ¶ 45.

[18] ECF No. 1, ¶ 46.

[19] ECF No. 1, ¶ 50. Plaintiffs make nearly identical allegations in Paragraph 61.

[20] ECF No. 1, ¶ 58.

[21] ECF No. 1, ¶ 59.

[22] ECF No. 1, ¶ 62.

7

allegation that he "was a victim of human trafficking due to the abuse received at the hands of the *Defendants . . . .*" **ECF No. 1, ¶¶ 25, 38, 52, 67** (emphasis added). These "blanket assertions" fail to raise a right to relief above the speculative level.

Here, the factual content provided, while not without detail, does not permit this Court to infer more than the mere possibility that Memorial violated Section 1589 of the TVPRA. Accordingly, Plaintiffs fail to state a claim against Memorial.

### 2. Plaintiffs fail to offer facts showing that Memorial violated 18 U.S.C. § 1590

The alleged violation of Section 1590 is even more loosely pleaded than the alleged violation of Section 1589. Plaintiffs only contend they were "recruited to Gulfport, Mississippi" by the "labor company Defendants," which Plaintiffs do not define to include Memorial. **ECF No. 1, ¶ 76**. Plaintiffs' "Facts" and "Parties" sections go into no further detail about their purported "recruitment" by the *labor company Defendants*, and they never specifically allege Memorial was involved in this recruitment, knew of the recruitment or should have known of the recruitment. Nonetheless, in Count II Plaintiffs make the sweeping allegation that *all* Defendants were involved, and that *all* Defendants knowingly benefited financially from a venture engaged in violations of Section 1590. **ECF No. 1, ¶¶ 105-106**.

This is precisely the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" that *Iqbal* decries as inadequate. Plaintiffs offer no detail regarding the recruiters or the recruitment process, the manner in which Memorial was supposedly involved in the recruitment, or why Memorial knew or should have known the recruitment occurred. Plaintiffs simply proclaim that all Defendants violated Section 1590. This conclusory allegation does not make it plausible that Memorial was involved in a violation of 1590 – either directly or implicitly, and the Court cannot infer from this pleading that any violation of the law – at least

FPDOCS 31483183.1

by Memorial – may have occurred. As such, Plaintiffs have failed to state a claim upon which relief can be granted as to the alleged violation of Section 1590 of the TVPRA. This claim should be dismissed as a result.

### 3. Plaintiffs fail to offer facts showing that Memorial violated 18 U.S.C. § 1594

This section of the TVPRA is a general "catch all" provision, and Plaintiffs' attendant allegations are duplicative of Plaintiffs' other TVPRA allegations. Accordingly, as set forth above, any claim that Memorial directly violated the TVPRA or knowingly benefited from a violation of the TVPRA should be dismissed as Plaintiffs have offered no more than the conclusory allegations such a violation occurred.

## III. Plaintiffs do not allege any state law causes of action

Finally, Plaintiffs contend this Court has supplemental jurisdiction over their state law claims.[23] **ECF No. 1, ¶ 12**. Nowhere do Plaintiffs articulate what those state law claims are, however. While Memorial assumes Plaintiffs' reference was inadvertent, Memorial nonetheless submits Plaintiffs have failed to state a claim upon which relief can be granted.

## IV. Conclusion

Pursuant to *Iqbal*, *Twombly*, and their progeny, Plaintiffs' conclusory and wholly unsubstantiated allegations that Memorial violated the TVPRA fail to state claims upon which relief may be granted.  As a result, Memorial respectfully requests that Count II of Plaintiffs' Complaint be dismissed as to Memorial, as well as any state law causes of action.

---

[23] Plaintiffs claim this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1376. Memorial assumes this is a typo, and that Plaintiffs intended Section 1367 to lend support to this jurisdictional proposition.

FPDOCS 31483183.1

This the 21st day of March, 2016.

s/Steven R. Cupp\
Steven R. Cupp, Esq.\
MS Bar #99975\
Jaklyn Wrigley, Esq.\
MS Bar #103773\
Fisher & Phillips LLP\
2505 14th Street, Suite 300\
Gulfport, Mississippi 39501\
Phone:  228-822-1440\
Fax: 228-822-1441\
scupp@laborlawyers.com\
jwrigley@laborlawyers.com

COUNSEL FOR DEFENDANT\
MEMORIAL HOSPITAL AT GULFPORT

10

## CERTIFICATE OF SERVICE

I certify that on this 21st day of March 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

John A. Foxworth, Esq.
FOXWORTH LAW OFFICE
1231 28th Street (39501)
Post Office Box 2345
Gulfport, Mississippi 39505
Phone (228) 328-0200
Fax (228) 328-0201
john@foxworthlaw.com

David C. Goff, Esq.
DEUTSCH, KERRIGAN & STILES, LLP
2510 14th Street, Suite 1001
Gulfport, Mississippi 39501
Phone (228) 864-0161
Fax (228) 863-5278
dgoff@dkslaw.com

s/Steven R. Cupp
STEVEN R. CUPP, ESQ.

Steven R. Cupp, Esq. (MSB #99975)
Jaklyn Wrigley, Esq. (MSB #103773)
Fisher & Phillips LLP
2505 14th Street, Suite 300
Gulfport, Mississippi 39501
Phone:  228-822-1440
Fax:  228-822-1441
scupp@laborlawyers.com
jwrigley@laborlawyers.com

FPDOCS 31483183.1