**IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**CONRADO CRUZ PEREZ, GERARDO GREGORIO
VEGA, JUAN FRANCISCO MONROY POREDES, AND
MARCO GONZALES**                                                                      **PLAINTIFFS**

**VS.**                                        **CIVIL ACTION NO.: 1:15CV415-HSO – JCG**

**OSCAR GONZALES, INDIVIDUALLY
OSCAR GONZALES D/B/A O.G. CONSTRUCTION
A/K/A O G, INC., RONALD PERKINS, INDIVIDUALLY,
RONALD PERKINS D/B/A O.G. CONSTRUCTION A/K/A
O G, INC. AND MEMORIAL HOSPITAL AT GULFPORT**                **DEFENDANTS**

---

**DEFENDANT, OSCAR GONZALEZ, INDIVIDUALLY AND OSCAR GONZALEZ
D/B/A O.G. CONSTRUCTION, INC. A/K/A O G CONSTRUCTION, INC.'S
ANSWER TO THE COMPLAINT**

**COMES NOW** the Defendants, **Oscar Gonzalez, Individually and Oscar Gonzalez
d/b/a O.G. Construction, Inc. a/k/a OG, Inc**. ("Gonzalez"), by and through counsel of record,
Deutsch Kerrigan, LLP, and files this its Answer to the Complaint and would state as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which any relief can be granted and is due to be
dismissed pursuant to F.R.C.P. 12(b)(6).

**SECOND DEFENSE**

And now answering the Complaint paragraph by paragraph Gonzalez would state as
follows:

**1.**

It is admitted only that the Plaintiffs were in an independent contractor relationship to
Gonzalez.  The remaining allegations of paragraph 1 of Complaint are denied.

**2.**

It is admitted that the United States Department of Labor concluded that various workers, including Plaintiffs, were due overtime compensation from Gonzalez.  The remaining allegations of paragraph 2 of the Plaintiffs' Complaint are denied.

**3.**

The allegations of paragraph 3 of the Complaint are denied.

**4.**

The allegations of paragraph 4 of the Complaint are denied.  It is specifically denied that the Plaintiffs are entitled to recover any amounts whatsoever from Gonzalez.

**5.**

The allegations of paragraph 5 of the Complaint do not appear to pertain to Gonzalez and are denied.

**6.**

The allegations of paragraph 6 of the Complaint do not appear to pertain to Gonzalez and are denied.

**7.**

The allegations of paragraph 7 of the Complaint do not appear to pertain to Gonzalez and are denied.

**8.**

The allegations of paragraph 8 of the Complaint do not appear to pertain to Gonzalez and are denied.

**9.**

The allegations of paragraph 9 of the Complaint are admitted.

**10.**

The allegations of paragraph 10 of the Complaint do not appear to pertain to Gonzalez and are denied.

**11.**

The allegations of paragraph 11 of the Complaint do not appear to pertain to Gonzalez and are denied.

**12.**

The allegations of paragraph 12 of the Complaint are denied.

**13.**

The allegations of paragraph 13 of the Complaint are denied.

**14.**

The allegations of paragraph 14 of the Complaint are denied.

**15.**

The allegations of paragraph 15 of the Complaint are denied.

**16.**

It is admitted that the Plaintiffs were in an independent contractor relationship with Gonzalez.  The remaining allegations of paragraph 16 of the Complaint are denied.

**17.**

It is admitted that Perez was in an independent contractor relationship with Gonzalez. The remaining allegations of paragraph 17 of the Complaint are denied.

**18.**

The allegations of paragraph 18 of the Complaint do not appear to pertain to Gonzalez and are denied.

**19.**

The allegations of paragraph 19 of the Complaint are denied.

**20.**

It is admitted Perez performed work at Memorial Hospital.  The remaining allegations of paragraph 20 of the Complaint are denied.

**21.**

The allegations of paragraph 21 of the Complaint are admitted.

**22.**

The allegations of paragraph 22 of the Complaint are denied.

**23.**

The allegations of paragraph 23 of the Complaint are denied.

**24.**

The allegations of paragraph 24 of the Complaint are denied.

**25.**

The allegations of paragraph 25 of the Complaint are denied.

**26.**

It is admitted that Vega was in an independent contractor with Gonzalez.  The remaining allegations of paragraph 26 of the Complaint are denied.

**27.**

The allegations of paragraph 27 of the Complaint do not appear to pertain to Gonzalez and are denied.

**28.**

The allegations of paragraph 28 of the Complaint are denied.

**29.**

It is admitted that Vega performed services at Memorial Hospital. The remaining allegations of paragraph 29 of the Complaint are denied.

**30.**

The allegations of paragraph 30 of the Complaint are admitted.

**31.**

The allegations of paragraph 31 of the Complaint are denied.

**32.**

The allegations of paragraph 32 of the Complaint are denied.

**33.**

The allegations of paragraph 33 of the Complaint are denied.

**34.**

The allegations of paragraph 34 of the Complaint are denied.

**35.**

The allegations of paragraph 35 of the Complaint are denied.

**36.**

The allegations of paragraph 36 of the Complaint are denied.

**37.**

The allegations of paragraph 37 of the Complaint are denied.

**38.**

The allegations of paragraph 38 of the Complaint are denied.

**39.**

It is admitted that Poredes was in an independent contractor relationship with Gonzalez. The remaining allegations of paragraph 39 of the Complaint are denied.

**40.**

The allegations of paragraph 40 of the Complaint do not appear to pertain to Gonzalez and are denied.

**41.**

It is admitted that Poredes performed some work at Memorial Hospital.  The remaining allegations of paragraph 41 of the Complaint are denied.

**42.**

It is admitted that Poredes performed some work at Memorial Hospital.  The remaining allegations of paragraph 42 of the Complaint are denied.

**43.**

The allegations of paragraph 43 of the Complaint are admitted.

**44.**

The allegations of paragraph 44 of the Complaint are denied.

**45.**

The allegations of paragraph 45 of the Complaint are denied.

**46.**

The allegations of paragraph 46 of the Complaint are denied.

**47.**

The allegations of paragraph 47 of the Complaint are denied.

**48.**

The allegations of paragraph 48 of the Complaint are denied.

**49.**

The allegations of paragraph 49 of the Complaint are denied.

**50.**

The allegations of paragraph 50 of the Complaint are denied.

**51.**

The allegations of paragraph 51 of the Complaint are denied.

**52.**

The allegations of paragraph 52 of the Complaint are denied.

**53.**

It is admitted that Gonzales was in an independent contractor relationship with Gonzalez. The remaining allegations of paragraph 53 of the Complaint are denied.

**54.**

The allegations of paragraph 54 of the Complaint do not appear to pertain to Gonzalez and are denied.

**55.**

The allegations of paragraph 55 of the Complaint are denied.

**56.**

The allegations of paragraph 56 of the Complaint are denied.

**57.**

The allegations of paragraph 57 of the Complaint are admitted.

**58.**

The allegations of paragraph 58 of the Complaint are denied.

**59.**

The allegations of paragraph 59 of the Complaint are denied.

**60.**

The allegations of paragraph 60 of the Complaint are denied.

**61.**

The allegations of paragraph 61 of the Complaint are denied.

**62.**

The allegations of paragraph 62 of the Complaint are denied.

**63.**

The allegations of paragraph 63 of the Complaint are denied.

**64.**

The allegations of paragraph 64 of the Complaint are denied.

**65.**

The allegations of paragraph 65 of the Complaint are denied.

**66.**

The allegations of paragraph 66 of the Complaint are denied.

**67.**

The allegations of paragraph 67 of the Complaint are denied.

**68.**

The allegations of paragraph 68 of the Complaint are denied.

**69.**

The allegations of paragraph 69 of the Complaint are denied.

**70.**

The allegations of paragraph 70 of the Complaint are denied.

**71.**

The allegations of paragraph 71 of the Complaint are denied.

**72.**

The allegations of paragraph 72 of the Complaint are denied.

**73.**

The allegations of paragraph 73 of the Complaint are denied.

**74.**

The allegations of paragraph 74 of the Complaint are denied.

**75.**

The allegations of paragraph 75 of the Complaint are denied.

**76.**

The allegations of paragraph 76 of the Complaint are denied.

**77.**

The allegations of paragraph 77 of the Complaint do not appear to pertain to Gonzalez and are denied.

**78.**

The allegations of paragraph 78 of the Complaint as they pertain to Gonzalez are denied.

**79.**

The allegations of paragraph 79 of the Complaint are denied.

**80.**

The allegations of paragraph 80 of the Complaint are denied.

**81.**

The allegations of paragraph 81 of the Complaint are denied.

**82.**

The allegations of paragraph 82 of the Complaint are denied.

**83.**

The allegations of paragraph 83 of the Complaint are denied.

**84.**

Paragraph 84 of the Complaint is confusing as worded and is unanswerable, therefore, it is denied.

**85.**

The allegations of paragraph 85 of the Complaint are denied.

**86.**

The Defendant Gonzalez was under the good faith belief that the Plaintiffs were independent contractors.

**87.**

The allegations of paragraph 87 of the Complaint are denied.

**88.**

The allegations of paragraph 88 of the Complaint do not appear to pertain to Gonzalez and are denied.

**89.**

The allegations of paragraph 89 of the Complaint are denied.

**90.**

The allegations of paragraph 90 of the Complaint are denied.

**91.**

The allegations of paragraph 91 of the Complaint are denied.

**92.**

The allegations of paragraph 92 of the Complaint are denied.

**93.**

The allegations of paragraph 93 of the Complaint are denied.

**94.**

The allegations of paragraph 94 of the Complaint are denied.

**95.**

The allegations of paragraph 95 of the Complaint are denied.

**96.**

The allegations of paragraph 96 of the Complaint are denied.

**97.**

The allegations of paragraph 97 of the Complaint are denied.

**98.**

The allegations of paragraph 98 of the Complaint are denied.

**99.**

The allegations of paragraph 99 of the Complaint are denied.

**100.**

The allegations of paragraph 100 of the Complaint are denied.

**101.**

The allegations of paragraph 101 of the Complaint are denied.

**102.**

The allegations of paragraph 102 of the Complaint are denied.

**103.**

The allegations of paragraph 103 of the Complaint are denied.

**104.**

The allegations of paragraph 104 of the Complaint are denied.

**105.**

The allegations of paragraph 105 of the Complaint are denied.

**106.**

The allegations of paragraph 106 of the Complaint are denied.

**107.**

The allegations of paragraph 107 of the Complaint are denied.

**108.**

The allegations of paragraph 108 of the Complaint are denied.

And now answering that last unnumbered paragraph entitled "Prayer for relief", it is denied that the Plaintiffs are entitled to the relief requested and it is denied that they are entitled to recover any amounts whatsoever from Gonzalez.

**AFFIRMATIVE DEFENSES**

**<u>THIRD DEFENSE</u>**

The Plaintiffs' claims are barred by the exclusive remedy provision under the worker's compensation laws of the state of Mississippi.

## FOURTH DEFENSE

Following an investigation by the Department of Labor, Gonzalez paid or has offered to pay overtime compensation to various personnel that acted as independent contractors to Gonzalez.

## FIFTH DEFENSE

At all times relevant, thereto, Gonzalez acted under the good faith belief that the employment relationship with Plaintiffs was that of independent contractor.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## SEVENTH DEFENSE

Plaintiffs' actions were the proximate cause or proximate contributing cause of their alleged damages, if any.

## EIGHTH DEFENSE

The actions of third parties over which Gonzalez had no control or responsibility therefore were the proximate cause or proximate contributing cause of the Plaintiffs' damages, if any.

## NINTH DEFENSE

At no time did Gonzalez obtain the Plaintiffs' labor or services by means of force, threats of force, physical restraint or threats to that person or another person.

## TENTH DEFENSE

At no time did Gonzalez obtain Plaintiffs' labor by means of serious harm or threats of serious harm to that person to the Plaintiff or another person.

**ELEVENTH DEFENSE**

At no time did Gonzalez obtain Plaintiff's labor by means of the abuse or threatened abuse of law or legal process.

**TWELFTH DEFENSE**

At no times did Gonzalez obtain the Plaintiffs' labor by means of any scheme, plan or pattern intended to cause that person to believe that if the person did not perform such labor or services, that person or another would suffer serious harm or physical restraint.

**THIRTEENTH DEFENSE**

At no time did Gonzalez threaten any of the Plaintiffs with deportation.

**FOURTEENTH DEFENSE**

Plaintiffs are guilty of unclean hands.

**FIFTEENTH DEFENSE**

Plaintiffs lack standing to raise some or all of the asserted claims.

**SIXTEENTH DEFENSE**

Without waiving any defense, affirmative or otherwise, and although denying that Plaintiffs are entitled to punitive damages, or any relief whatsoever as against Defendant, Defendant affirmatively pleads that:

(1)     An award of punitive damages in this civil action would amount to depravation of property without due process of law in violation of the 5th and 14th amendments of the United States Constitution and Section 14 of the Mississippi Constitution;

(2)     No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awarded;

(3)     An award of punitive damages in this civil action would violate the due process provisions of the 5th and 14th amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

(4)     The criteria used for determining whether and what amount of punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore in violation of the due process provisions of the 5th and 14th amendments to the United States Constitution;

(5)     An award of punitive damages in this civil action would amount to an excessive fine in violation of the 8th amendment to the United States Constitution and of Section 218 of the Mississippi Constitution;

(6)     An award of punitive damages in this civil action would violate the equal protection provisions of the 14th amendment in that such a sanction is discriminatory and arbitrary in penalizing Acceptance on the basis of its assets;

(7)     To the extent that the Defendant is subjected to a criminal sanction or sanctions through punitive damages, the burden of proof required to impose the same shall be to prove "beyond a reasonable doubt" and punitive damages should not be awarded without affording the Defendants the full range of criminal procedure safeguards by the 4th, 5th and 6th amendments to the United States Constitution;

(8)     An award of punitive damages would violate Article 1, Section X of the United States Constitution;

(9)     The award of punitive damages in this civil action would violate similar and related provisions, as noted above, of the Constitution of the State of Mississippi; and

(10)    All claims for punitive damages asserted by plaintiffs herein are preempted by federal law.

### SEVENTEENTH DEFENSE

Gonzalez would show that it did not engage in any intentional acts with respect to Plaintiffs and therefore cannot be liable for punitive damages.

### EIGHTEENTH DEFENSE

Gonzalez would show that it did not act with malice or reckless indifference toward Plaintiffs and therefore cannot be liable for punitive damages.

### NINETEENTH DEFENSE

Plaintiffs cannot establish that Defendant engaged in any willful conduct within the meaning of the FLSA.

### TWENTIETH DEFENSE

Plaintiffs are not entitled to liquidated damages because any acts or omissions of Defendant were undertaken in good faith and Defendant had reasonable grounds for believing his acts or omissions did not violate the FLSA.

### TWENTY-FIRST DEFENSE

At all times relevant thereto, Gonzalez operated under a good faith belief that the Plaintiffs were exempt from the FLSA.

### TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

### TWENTY-THIRD DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### TWENTY-FOURTH DEFENSE

At no time did Gonzalez coerce or force Plaintiffs to work.  All work performed by Plaintiffs was voluntary.

### TWENTY-FIFTH DEFENSE

At all times relevant thereto, Plaintiffs had or were supplied with appropriate gear and/or personal protective equipment.

### TWENTY-SIXTH DEFENSE

At no time did Gonzalez prohibit Plaintiffs from having contact with Memorial Hospital personnel. Defendant reserves the right to assert additional defenses as discovery and investigation proceeds.

### TWENTY-SEVENTH DEFENSE

Defendant reserves the right to assert additional defenses as discovery and investigation proceeds.

**RESPECTFULLY SUBMITTED** this the 22nd day of March, 2016.

**OSCAR    GONZALEZ,    INDIVIDUALLY AND  OSCAR  GONZALEZ  D/B/A  O.G. CONSTRUCTION, INC. A/K/A OG, INC.**

**Deutsch Kerrigan, L.L.P.**

By:    /s/David C. Goff
_____
David C. Goff (#8948)
dgoff@deutschkerrigan.com

David C. Goff (#8948)
Deutsch Kerrigan, L.L.P.
2510 14th Street, Suite 1001
Gulfport, MS  39501
Telephone:  (228) 864-0161
Fax: (228) 863-5278
dgoff@deutschkerrigan.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of March, 2016, a true and correct copy of the foregoing **Oscar Gonzalez's Answer to the Complaint** was delivered by electronic mail and/or U.S. Regular mail as follows:

*Attorney for Plaintiffs*
 John A. Foxworth, Jr.
P. O. Box 2345
Gulfport, MS  39505
john@foxworthlaw.com

*Attorneys for Memorial Hospital*
Steven R. Cupp
Jaklyn Wrigley
Fisher & Phillips, LLP
2505 14th Street, Suite 300
Gulfport, MS  39501
scup@laborlawyers.com
jwrigley@laborlawyers.com


                                            /s/David C. Goff
                                        _____
                                            DAVID C. GOFF

**David C. Goff (#8948)**
**Deutsch Kerrigan, L.L.P.**
**2510 14th Street, Suite 1001**
**Gulfport, MS  39501**
**Telephone:  (228) 864-0161**
**Fax: (228) 863-5278**
**dgoff@deutschkerrigan.com**