**IN UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**CONRADO CRUZ PEREZ, GERARDO GREGORIO**
**VEGA, JUAN FRANCISCO MONROY POREDES, AND**
**MARCO GONZALES**                                                   **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO.: 1:15CV415-HSO – JCG**

**OSCAR GONZALES, INDIVIDUALLY**
**OSCAR GONZALES D/B/A O.G. CONSTRUCTION**
**A/K/A O G, INC., RONALD PERKINS, INDIVIDUALLY,**
**RONALD PERKINS D/B/A O.G. CONSTRUCTION A/K/A**
**O G, INC. AND MEMORIAL HOSPITAL AT GULFPORT**          **DEFENDANTS**

**DEFENDANT, RONALD PERKINS, INDIVIDUALLY, RONALD PERKINS D/B/A O.G.**
**CONSTRUCTION A/K/A O G, INC.'S ANSWER TO THE COMPLAINT**

        **COMES NOW** the Defendant, **RONALD PERKINS, Individually and RONALD**

**PERKINS D/B/A O.G. CONSTRUCTION a/k/a O G, INC.** ("Perkins"), by and through

counsel of record, Deutsch Kerrigan, LLP, and files this its Answer to the Complaint and would

state as follows:

**FIRST DEFENSE**

        The Complaint fails to state a claim upon which any relief can be granted and is due to be

dismissed pursuant to F.R.C.P. 12(b)(6).

**SECOND DEFENSE**

        Defendant, Ronald Perkins, acted as an independent contractor to Oscar Gonzalez d/b/a

O.G. Construction.  At no time did Perkins do business as O.G. Construction or O.G., Inc.  All

claims against Perkins are due to be dismissed pursuant to F.R.C.P. 12(b)6.

## THIRD DEFENSE

And now answering the Complaint paragraph by paragraph Perkins would state as follows:

**1.**

The allegations of paragraph 1 of the Complaint are denied.

**2.**

The allegations of paragraph 2 of the Plaintiffs' Complaint are denied.

**3.**

The allegations of paragraph 3 of the Complaint are denied.

**4.**

The allegations of paragraph 4 of the Complaint are denied.  It is specifically denied that the Plaintiffs are entitled to recover any amounts whatsoever from Perkins.

**5.**

The allegations of paragraph 5 of the Complaint do not appear to pertain to Perkins and are denied.

**6.**

The allegations of paragraph 6 of the Complaint do not appear to pertain to Perkins and are denied.

**7.**

The allegations of paragraph 7 of the Complaint do not appear to pertain to Perkins and are denied.

**8.**

The allegations of paragraph 8 of the Complaint do not appear to pertain to Perkins and are denied.

**9.**

The allegations of paragraph 9 of the Complaint do not appear to pertain to Perkins and are denied.

**10.**

It is admitted only that Ronald Christopher Perkins is an individual.  The remaining allegations of paragraph 10 of the Complaint are denied.

**11.**

The allegations of paragraph 11 of the Complaint do not appear to pertain to Perkins and are denied.

**12.**

The allegations of paragraph 12 of the Complaint are denied.

**13.**

The allegations of paragraph 13 of the Complaint are denied.

**14.**

The allegations of paragraph 14 of the Complaint are denied.

**15.**

The allegations of paragraph 15 of the Complaint are denied.

**16.**

The allegations of paragraph 16 of the Complaint are denied.

**17.**

The allegations of paragraph 17 of the Complaint are denied.

**18.**

The allegations of paragraph 18 of the Complaint do not appear to pertain to Perkins and are denied.

**19.**

The allegations of paragraph 19 of the Complaint are denied.

**20.**

The allegations of paragraph 20 of the Complaint are denied.

**21.**

The allegations of paragraph 21 of the Complaint are denied.

**22.**

The allegations of paragraph 22 of the Complaint are denied.

**23.**

The allegations of paragraph 23 of the Complaint are denied.

**24.**

The allegations of paragraph 24 of the Complaint are denied.

**25.**

The allegations of paragraph 25 of the Complaint are denied.

**26.**

The allegations of paragraph 26 of the Complaint are denied.

**27.**

The allegations of paragraph 27 of the Complaint do not appear to pertain to Perkins and

are denied.

**28.**

The allegations of paragraph 28 of the Complaint are denied.

**29.**

The allegations of paragraph 29 of the Complaint are denied.

**30.**

The allegations of paragraph 30 of the Complaint are denied.

**31.**

The allegations of paragraph 31 of the Complaint are denied.

**32.**

The allegations of paragraph 32 of the Complaint are denied.

**33.**

The allegations of paragraph 33 of the Complaint are denied.

**34.**

The allegations of paragraph 34 of the Complaint are denied.

**35.**

The allegations of paragraph 35 of the Complaint are denied.

**36.**

The allegations of paragraph 36 of the Complaint are denied.

**37.**

The allegations of paragraph 37 of the Complaint are denied.

**38.**

The allegations of paragraph 38 of the Complaint are denied.

**39.**

The allegations of paragraph 39 of the Complaint are denied.

**40.**

The allegations of paragraph 40 of the Complaint do not appear to pertain to Perkins and are denied.

**41.**

The allegations of paragraph 41 of the Complaint are denied.

**42.**

The allegations of paragraph 42 of the Complaint are denied.

**43.**

The allegations of paragraph 43 of the Complaint are admitted.

**44.**

The allegations of paragraph 44 of the Complaint are denied.

**45.**

The allegations of paragraph 45 of the Complaint are denied.

**46.**

The allegations of paragraph 46 of the Complaint are denied.

**47.**

The allegations of paragraph 47 of the Complaint are denied.

**48.**

The allegations of paragraph 48 of the Complaint are denied.

**49.**

The allegations of paragraph 49 of the Complaint are denied.

**50.**

The allegations of paragraph 50 of the Complaint are denied.

**51.**

The allegations of paragraph 51 of the Complaint are denied.

**52.**

The allegations of paragraph 52 of the Complaint are denied.

**53.**

The allegations of paragraph 53 of the Complaint are denied.

**54.**

The allegations of paragraph 54 of the Complaint do not appear to pertain to Perkins and

are denied.

**55.**

The allegations of paragraph 55 of the Complaint are denied.

**56.**

The allegations of paragraph 56 of the Complaint are denied.

**57.**

The allegations of paragraph 57 of the Complaint are denied.

**58.**

The allegations of paragraph 58 of the Complaint are denied.

**59.**

The allegations of paragraph 59 of the Complaint are denied.

**60.**

The allegations of paragraph 60 of the Complaint are denied.

**61.**

The allegations of paragraph 61 of the Complaint are denied.

**62.**

The allegations of paragraph 62 of the Complaint are denied.

**63.**

The allegations of paragraph 63 of the Complaint are denied.

**64.**

The allegations of paragraph 64 of the Complaint are denied.

**65.**

The allegations of paragraph 65 of the Complaint are denied.

**66.**

The allegations of paragraph 66 of the Complaint are denied.

**67.**

The allegations of paragraph 67 of the Complaint are denied.

**68.**

The allegations of paragraph 68 of the Complaint are denied.

**69.**

The allegations of paragraph 69 of the Complaint are denied.

**70.**

The allegations of paragraph 70 of the Complaint are denied.

**71.**

The allegations of paragraph 71 of the Complaint are denied.

**72.**

The allegations of paragraph 72 of the Complaint are denied.

**73.**

The allegations of paragraph 73 of the Complaint are denied.

**74.**

The allegations of paragraph 74 of the Complaint are denied.

**75.**

The allegations of paragraph 75 of the Complaint are denied.

**76.**

The allegations of paragraph 76 of the Complaint are denied.

**77.**

The allegations of paragraph 77 of the Complaint do not appear to pertain to Perkins and are denied.

**78.**

The allegations of paragraph 78 of the Complaint as they pertain to Perkins are denied.

**79.**

The allegations of paragraph 79 of the Complaint are denied.

**80.**

The allegations of paragraph 80 of the Complaint are denied.

**81.**

The allegations of paragraph 81 of the Complaint are denied.

**82.**

The allegations of paragraph 82 of the Complaint are denied.

**83.**

The allegations of paragraph 83 of the Complaint are denied.

**84.**

Paragraph 84 of the Complaint is confusing as worded and is unanswerable, therefore, it is denied.

**85.**

The allegations of paragraph 85 of the Complaint are denied.

**86.**

The allegations of paragraph 86 of the Complaint are denied.

**87.**

The allegations of paragraph 87 of the Complaint are denied.

**88.**

The allegations of paragraph 88 of the Complaint do not appear to pertain to Perkins and are denied.

**89.**

The allegations of paragraph 89 of the Complaint are denied.

**90.**

The allegations of paragraph 90 of the Complaint are denied.

**91.**

The allegations of paragraph 91 of the Complaint are denied.

**92.**

The allegations of paragraph 92 of the Complaint are denied.

**93.**

The allegations of paragraph 93 of the Complaint are denied.

**94.**

The allegations of paragraph 94 of the Complaint are denied.

**95.**

The allegations of paragraph 95 of the Complaint are denied.

**96.**

The allegations of paragraph 96 of the Complaint are denied.

**97.**

The allegations of paragraph 97 of the Complaint are denied.

**98.**

The allegations of paragraph 98 of the Complaint are denied.

**99.**

The allegations of paragraph 99 of the Complaint are denied.

**100.**

The allegations of paragraph 100 of the Complaint are denied.

**101.**

The allegations of paragraph 101 of the Complaint are denied.

**102.**

The allegations of paragraph 102 of the Complaint are denied.

**103.**

The allegations of paragraph 103 of the Complaint are denied.

**104.**

The allegations of paragraph 104 of the Complaint are denied.

**105.**

The allegations of paragraph 105 of the Complaint are denied.

**106.**

The allegations of paragraph 106 of the Complaint are denied.

**107.**

The allegations of paragraph 107 of the Complaint are denied.

**108.**

The allegations of paragraph 108 of the Complaint are denied.

And now answering that last unnumbered paragraph entitled "Prayer for relief", it is denied that the Plaintiffs are entitled to the relief requested and it is denied that they are entitled to recover any amounts whatsoever from Perkins.

**AFFIRMATIVE DEFENSES**

**FOURTH DEFENSE**

At no time were any of the Plaintiffs in any type of employment relationship with Perkins.

**FIFTH DEFENSE**

Perkins did not do business as O.G. Construction or O.G., Inc.

**SIXTH DEFENSE**

Perkins did not compensate Plaintiffs for their work.

**SEVENTH DEFENSE**

Perkins worked as an independent contractor to Gonzalez.

**EIGHTH DEFENSE**

Perkins did not control the work of Plaintiffs.

**NINTH DEFENSE**

There was no master and servant relationship between Plaintiffs and Perkins.

**TENTH DEFENSE**

The Plaintiffs' claims are barred by the exclusive remedy provision under the worker's compensation laws of the state of Mississippi.

## ELEVENTH DEFENSE

Following an investigation by the Department of Labor, it is believed that Gonzalez paid or has offered to pay overtime compensation to various personnel that acted as independent contractors to Gonzalez.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## THIRTEENTH DEFENSE

Plaintiffs' actions were the proximate cause or proximate contributing cause of their alleged damages, if any.

## FOURTEENTH DEFENSE

The actions of third parties over which Perkins had no control or responsibility therefore were the proximate cause or proximate contributing cause of the Plaintiffs' damages, if any.

## FIFTEENTH DEFENSE

At no time did Perkins obtain the Plaintiffs' labor or services by means of force, threats of force, physical restraint or threats to that person or another person.

## SIXTEENTH DEFENSE

At no time did Perkins obtain Plaintiffs' labor by means of serious harm or threats of serious harm to that person to the Plaintiff or another person.

## SEVENTEENTH DEFENSE

At no time did Perkins obtain Plaintiff's labor by means of the abuse or threatened abuse of law or legal process.

### EIGHTEENTH DEFENSE

At no times did Perkins obtain the Plaintiffs' labor by means of any scheme, plan or pattern intended to cause that person to believe that if the person did not perform such labor or services, that person or another would suffer serious harm or physical restraint.

### NINETEENTH DEFENSE

At no time did Perkins threaten any of the Plaintiffs with deportation.

### TWENTIETH DEFENSE

Plaintiffs are guilty of unclean hands.

### TWENTY-FIRST DEFENSE

Plaintiffs lack standing to raise some or all of the asserted claims.

### TWENTY-SECOND DEFENSE

Without waiving any defense, affirmative or otherwise, and although denying that Plaintiffs are entitled to punitive damages, or any relief whatsoever as against Defendant, Defendant affirmatively pleads that:

(1)     An award of punitive damages in this civil action would amount to depravation of property without due process of law in violation of the 5th and 14th amendments of the United States Constitution and Section 14 of the Mississippi Constitution;

(2)     No legislation has been enacted authorizing punitive damages in a civil action such as this or placing any limit on the amount of punitive damages awarded;

(3)     An award of punitive damages in this civil action would violate the due process provisions of the 5th and 14th amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

(4)     The criteria used for determining whether and what amount of punitive damages may be awarded are impermissibly vague, imprecise and inconsistent and are therefore

in violation of the due process provisions of the 5th and 14th amendments to the United States

Constitution;

(5)     An award of punitive damages in this civil action would amount to an

excessive fine in violation of the 8th amendment to the United States Constitution and of Section

218 of the Mississippi Constitution;

(6)     An award of punitive damages in this civil action would violate the equal

protection provisions of the 14th amendment in that such a sanction is discriminatory and

arbitrary in penalizing Acceptance on the basis of its assets;

(7)     To the extent that the Defendant is subjected to a criminal sanction or

sanctions through punitive damages, the burden of proof required to impose the same shall be to

prove "beyond a reasonable doubt" and punitive damages should not be awarded without

affording the Defendants the full range of criminal procedure safeguards by the 4th, 5th and 6th

amendments to the United States Constitution;

(8)     An award of punitive damages would violate Article 1, Section X of the

United States Constitution;

(9)     The award of punitive damages in this civil action would violate similar

and related provisions, as noted above, of the Constitution of the State of Mississippi; and

(10)     All claims for punitive damages asserted by plaintiffs herein are

preempted by federal law.

## TWENTY-THIRD DEFENSE

Perkins would show that it did not engage in any intentional acts with respect to Plaintiffs

and therefore cannot be liable for punitive damages.

## TWENTY-FOURTH DEFENSE

Perkins would show that it did not act with malice or reckless indifference toward Plaintiffs and therefore cannot be liable for punitive damages.

## TWENTY-FIFTH DEFENSE

Plaintiffs cannot establish that Perkins engaged in any willful conduct within the meaning of the FLSA.

## TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred by the doctrine of laches.

## TWENTY-SEVENTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

## TWENTY-EIGHTH DEFENSE

At no time did Perkins coerce or force Plaintiffs to work.  All work performed by Plaintiffs was voluntary.

## TWENTY-NINTH DEFENSE

At no time did Perkins prohibit Plaintiffs from having contact with Memorial Hospital personnel. Defendant reserves the right to assert additional defenses as discovery and investigation proceeds.

## THIRTIETH DEFENSE

Defendant reserves the right to assert additional defenses as discovery and investigation proceeds.

**RESPECTFULLY SUBMITTED** this the 22nd day of March, 2016.

**RONALD PERKINS, INDIVIDUALLY AND RONALD      PERKINS     d/b/a     O.G. CONSTRUCTION, INC. A/K/A OG, INC.**

**Deutsch Kerrigan, L.L.P.**

By:     /s/David C. Goff
         David C. Goff (#8948)
         dgoff@deutschkerrigan.com

**David C. Goff (#8948)**
**Deutsch Kerrigan, L.L.P.**
**2510 14th Street, Suite 1001**
**Gulfport, MS  39501**
**Telephone:  (228) 864-0161**
**Fax: (228) 863-5278**
**dgoff@deutschkerrigan.com**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of March, 2016, a true and correct copy of the

foregoing **Ronald Perkins' Answer to the Complaint** was delivered by electronic mail and/or

U.S. Regular mail as follows:

<u>*Attorney for Plaintiffs*</u>
 John A. Foxworth, Jr.
P. O. Box 2345
Gulfport, MS  39505
john@foxworthlaw.com

<u>*Attorneys for Memorial Hospital*</u>
Steven R. Cupp
Jaklyn Wrigley
Fisher & Phillips, LLP
2505 14th Street, Suite 300
Gulfport, MS  39501
scup@laborlawyers.com
jwrigley@laborlawyers.com

/s/David C. Goff
DAVID C. GOFF

**David C. Goff (#8948)**
**Deutsch Kerrigan, L.L.P.**
**2510 14th Street, Suite 1001**
**Gulfport, MS  39501**
**Telephone:  (228) 864-0161**
**Fax: (228) 863-5278**
**dgoff@deutschkerrigan.com**