**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| Conrado Cruz Perez, Gerardo Gregorio Vega, Juan Francisco Monroy Poredes, and Marco Gonzales, | **Plaintiffs** |
| **v.** | **Civil Action No.: 1:15cv415-HSO-JCG** |
| Oscar Gonzales, individually; Oscar Gonzales d/b/a O.G. Construction a/k/a O G Inc.; Ronald Perkins, individually; Ronald Perkins d/b/a O.G. Construction a/k/a O G Inc.; and Memorial Hospital at Gulfport | **Defendants** |

---

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT MEMORIAL HOSPITAL AT GULFPORT**

---

Having previously filed a Partial Motion to Dismiss ("Motion") on Plaintiffs' Trafficking Victims Protection Act[1] ("TVPA") and state law claims [ECF No. 8], Defendant Memorial Hospital at Gulfport ("Memorial") comes now and responds to Plaintiffs' remaining claims as follows, reserving its right to timely respond to claims that are the subject of its Motion upon the Court's entry of an order:

**PRELIMINARY STATEMENT**

1.      This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial only admits that Plaintiffs purport to bring federal and state law causes of action in this lawsuit.

---

[1] Also known as the Trafficking Victims Protection Reauthorization Act.

2.      This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial admits that Plaintiffs purport to bring federal and state law causes of action in this lawsuit and that they seek damages. Memorial also admits that Plaintiffs performed work on Memorial's campus in Gulfport, Harrison County, Mississippi (the "Campus"), and that Memorial paid O.G. Construction[2] for the work Plaintiffs performed. Memorial denies Plaintiffs are entitled to the relief sought, as well as the remaining allegations of this Paragraph.

3.      Memorial denies the allegations of Paragraph 3.

4.      This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies Plaintiffs are entitled to the relief sought.

## PARTIES

5.      Memorial lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 5.

6.      Memorial lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 6.

---

[2] Memorial uses "O.G. Construction" to collectively refer to O.G. Construction, O.G. Inc., Oscar Gonzalez (individually and doing business as O.G. Construction"), and Ronald Perkins (individually and doing business as O.G. Construction").

7.      Memorial lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 7.

8.      Memorial lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 8.

9.      Memorial lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 9.

10.     Memorial lacks sufficient information to admit or deny the allegations in Paragraph 10.

11.     Memorial admits it is a political subdivision of Harrison County, and may be served as instructed by the Federal Rules of Civil Procedure.

## JURISDICTION

12.     Memorial admits only that jurisdiction is proper in the United States District Court for the Southern District of Mississippi.

13.     Defendant denies that Plaintiffs are entitled to declaratory relief.

## VENUE

14.     Defendant admits only that venue is proper in the United States District Court for the Southern District of Mississippi.

15.     Defendant admits only that venue is proper in the United States District Court for the Southern District of Mississippi.

## PARTIES

16.     Many of the allegations in this Paragraph are not directed at Memorial, and thus no response is required.[3] As to the allegations directed toward it, Memorial admits that O.G. Construction provided laborers to perform work on Memorial's Gulfport, Mississippi Campus,

---

[3] Plaintiffs do not define "labor company defendants" to include Memorial. Thus, Memorial will not respond to those allegations throughout the Complaint.

and Memorial paid O.G. Construction for the work performed. Memorial also admits it would sometimes direct and oversee the work O.G. Construction performed. Memorial denies the remaining allegations of this Paragraph.

### Plaintiff Conrado Cruz Perez

17.     Memorial admits that Plaintiff Cruz performed work, typically related to landscaping, on its Campus through Memorial's agreement with O.G. Construction. Memorial is without knowledge or information sufficient to admit or deny where Plaintiff Cruz resides or the amount or manner in which O.G. Construction paid him. Memorial denies the remaining allegations of this Paragraph.

18.     Memorial is without knowledge or information sufficient to admit or deny the allegations in this Paragraph.

19.     Memorial denies the allegations of Paragraph 19.

20.     Memorial admits only that Plaintiff Cruz performed work on its Campus.

21.     Memorial denies that Plaintiff Cruz currently performs work on its Campus, but admits that Plaintiff Cruz performed landscaping related tasks on Memorial's Campus in the past. Memorial denies the remaining allegations of this Paragraph.

22.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

23.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

24.     Memorial is without sufficient information to admit or deny the amount or manner in which Plaintiff Cruz was paid. Memorial denies the remaining allegations of this Paragraph.

25.     This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

**Plaintiff Gerardo Gregario Vega**

26.     Memorial admits that Plaintiff Cruz performed work on its Campus through Memorial's agreement with O.G. Construction. Memorial is without knowledge or information sufficient to admit or deny where Plaintiff Vega resides or the amount or manner in which O.G. Construction paid him. Memorial denies the remaining allegations of this Paragraph

27.     Memorial is without knowledge or information sufficient to admit or deny the allegations in this Paragraph.

28.     Memorial denies the allegations of Paragraph 28.

29.     Memorial is without knowledge or information sufficient to admit or deny the allegations in this Paragraph.

30.     Memorial admits Plaintiff Vega performed construction work on its Campus.

31.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

32.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

FPDOCS 31565659.1

33.    Memorial denies the allegations of Paragraph 33.

34.    The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

35.    The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

36.    The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

37.    Memorial is without sufficient information to admit or deny the amount or manner in which Plaintiff Vega was paid. Memorial denies the remaining allegations of this Paragraph.

38.    This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

**Plaintiff Juan Francisco Monroy Poredes**

39.    Memorial admits that Plaintiff Poredes performed work on its Campus through Memorial's agreement with O.G. Construction. Memorial is without knowledge or information sufficient to admit or deny where Plaintiff Poredes resides or the amount or manner in which O.G. Construction paid him. Memorial denies the remaining allegations of this Paragraph

40.    Memorial is without knowledge or information sufficient to admit or deny the allegations in this Paragraph.

6

41.     Memorial admits only that Plaintiff Poredes performed work on its Campus.

42.     Memorial admits only that Plaintiff Poredes performed work on its Campus.

43.     Memorial admits that Plaintiff Poredes performed construction work on its Campus.

44.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

45.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

46.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

47.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

48.     Memorial denies that Plaintiff Poredes was ever forced to work in restricted or dangerous areas of the hospital without the appropriate gear, and denies that Plaintiff Poredes was expected to handle biohazardous materials. The remaining allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of those allegations.

49.     Memorial denies the allegations of Paragraph 49.

FPDOCS 31565659.1

50.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

51.     Memorial is without sufficient information to admit or deny the amount or manner in which Plaintiff Poredes was paid. Memorial denies the remaining allegations of this Paragraph.

52.     This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

**Plaintiff Marco Gonzales**

53.     Memorial admits that Plaintiff Gonzales performed work on its Campus through Memorial's agreement with O.G. Construction. Memorial is without knowledge or information sufficient to admit or deny where Plaintiff Gonzales resides or the amount or manner in which O.G. Construction paid him. Memorial denies the remaining allegations of this Paragraph

54.     Memorial is without knowledge or information sufficient to admit or deny the allegations in this Paragraph.

55.     Memorial admits only that Plaintiff Gonzales performed work on its Campus.

56.     Memorial admits only that Plaintiff Gonzales performed work on its Campus.

57.     Memorial admits that Plaintiff Gonzales performed construction work on its Campus.

58.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

59.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

60.     Memorial denies that Plaintiff Gonzales was ever forced to work in restricted or dangerous areas of the hospital without the appropriate gear, and denies that Plaintiff Gonzales was expected to handle biohazardous materials. The remaining allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of those allegations.

61.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

62.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

63.     Memorial denies the allegations of Paragraph 63.

64.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

65.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

66.     Memorial is without sufficient information to admit or deny the amount or manner in which Plaintiff Gonzales was paid. Memorial denies the remaining allegations of this Paragraph.

67.     This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

## **Labor Company Defendants**

68.     Many of the allegations in this Paragraph are not directed at Memorial, and thus no response is required. As to the allegations directed toward it, Memorial admits that O.G. Construction provided laborers to perform work on its Campus, and Memorial paid O.G. Construction for all the work performed. Memorial also admits it would sometimes direct and oversee the work O.G. Construction performed. Memorial denies the remaining allegations of this Paragraph.

69.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

70.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

71.     Memorial admits that O.G. Construction provided laborers to perform work on its Campus, and that Memorial paid O.G. Construction an hourly fee per laborer that O.G. Construction provided. Memorial also admits it would sometimes direct and oversee the work O.G. Construction performed. Memorial denies the remaining allegations of this Paragraph.

72.     Memorial admits that O.G. Construction provided laborers to perform work on its Campus and that it is a covered employer under the Fair Labor Standards Act. The remaining

10

allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of those allegations.

73.     Memorial denies that it employed Plaintiffs.

74.     Memorial denies that it employed Plaintiffs.

75.     This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

## FACTS

76.     The allegations in this Paragraph are not directed at Memorial, and thus no response is required. If a response is required, Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

77.     Memorial admits that it would instruct O.G. Construction as to the projects on which it needed work performed, and would sometimes direct and oversee the work O.G. Construction performed. Memorial would typically provide the equipment and materials for the projects on which O.G. Construction performed work, and, for security purposes, issued badges to all contractors – including O.G. Construction's laborers. Memorial denies the remaining allegations of this Paragraph.

78.     Memorial admits that it issued badges to all contractors – including O.G. Construction's laborers. Memorial denies the remaining allegations of this Paragraph.

79.     Memorial denies the allegations of Paragraph 79.

80.     Memorial denies the allegations of Paragraph 80.

81.     Memorial is without sufficient information to admit or deny the amount or manner in which O.G. Construction paid its laborers.

82.     Memorial is without sufficient information to admit or deny the amount or manner in which O.G. Construction paid its laborers. Memorial denies the remaining allegations of this Paragraph.

## COLLECTIVE ACTION ALLEGATIONS

83.     Memorial admits only that O.G. Construction provided various laborers to perform work on its Campus over a several-year period.

84.     Memorial is without knowledge or information sufficient to form a belief as to the truth of these allegations.

85.     Memorial is without sufficient information to admit or deny the amount or manner in which O.G. Construction paid its laborers.

86.     Memorial is without sufficient information to admit or deny the manner in which O.G. Construction classified its laborers.

## COUNT I

### FAIR LABOR STANDARDS ACT

87.     Paragraph 87 is an incorporation paragraph and requires no response.

88.     Memorial submits that Exhibit "A" speaks for itself and this Paragraph requires no response.

89.     Memorial submits this Paragraph requires no response.

90.     Memorial is without sufficient information to admit or deny the amount or manner in which O.G. Construction paid its laborers. Memorial denies the remaining allegations of this Paragraph.

FPDOCS 31565659.1

91.     Memorial denies the allegations of Paragraph 91.

92.     This Paragraph does not require a response from Memorial, but Memorial denies Plaintiffs are entitled to the relief they seek.

93.     Memorial is without sufficient information to admit or deny the amount or manner in which O.G. Construction paid its laborers. Memorial denies the remaining allegations of this Paragraph.

94.     Memorial is without sufficient information to admit or deny the amount or manner in which O.G. Construction paid its laborers. Memorial denies the remaining allegations of this Paragraph.

95.     Memorial is without sufficient information to admit or deny the amount or manner in which O.G. Construction paid its laborers. Memorial denies the remaining allegations of this Paragraph.

96.     Memorial denies the allegations of Paragraph 96.

## COUNT II

**THE WILLIAM WILBERFORCE TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT OF 2008 (18 U.S.C. § 1595)**

97.     Paragraph 97 is an incorporation paragraph and requires no response.

### Authority for a Civil Action

98.     This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

99.     This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement

13

its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

100.   This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

### Forced Labor (18 U.S.C. §1589)

101.   This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

102.   This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

103.   This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

104.   This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

FPDOCS 31565659.1

**Trafficking with Respect to Peonage, Slavery, Involuntary Servitude or
Forced Labor (18 U.S.C. §1590)**

105.    This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

106.    This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

**Attempt and/or Conspiracy to Violate 18 U.S.C. Sections 1589 and 1590
(18 U.S.C. §1594(a) and (b))**

107.    This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

108.    This Paragraph includes allegations that are the subject of Memorial's Motion and to which Memorial will not respond. Instead, Memorial reserves the right to amend or supplement its response to this Paragraph upon entry of the Court's order on its Motion. Subject to and without waiving its reservation of rights, Memorial denies the allegations of this Paragraph.

**<u>PRAYER FOR RELIEF</u>**

As for the unnumbered paragraph beginning with the word "WHEREFORE . . . ." as well as sub-paragraphs 1-7, Memorial denies that it infringed upon or violated Plaintiffs' rights in the

FPDOCS 31565659.1

manner alleged or that Plaintiffs are entitled to the relief they seek. As a result, Plaintiffs' Complaint should be dismissed with all costs and fees assessed to the Plaintiffs.

Memorial further pleads as follows:

## FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted by the Court, as further articulated by Memorial's Partial Motion to Dismiss. Memorial further asserts that Plaintiffs fail to state a claim upon which relief can be granted for unpaid wages, liquidated damages, attorneys' fees, or costs

## SECOND DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the applicable statute of limitations.

## THIRD DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent any relief is sought beyond the two-year limitations period.

## FOURTH DEFENSE

Plaintiffs' claims are barred by the doctrines of laches and avoidable consequences.

## FIFTH DEFENSE

Plaintiffs' claims are barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. §260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the FLSA.

## SIXTH DEFENSE

Memorial at all times acted in good faith to comply with all applicable employment laws and acted with reasonable grounds to believe that its actions did not violate the statutes cited in

FPDOCS 31565659.1

Plaintiffs' Complaint, and Memorial asserts a lack of willfulness or intent to violate those statutes as a defense to any claim by Plaintiffs.

## SEVENTH DEFENSE

Plaintiffs' claims are barred to the extent they received full accord and satisfaction for all hours worked, including overtime.

## EIGHTH DEFENSE

Memorial relied upon reasonable grounds and believed in good faith that the manner and amount in which O.G. Construction paid its laborers were in compliance with the FLSA and state law.

## NINTH DEFENSE

Memorial did not willfully violate the FLSA, state law or show reckless disregard for Plaintiffs' rights.

## TENTH DEFENSE

Plaintiffs' claims fail in whole or in part to the extent they were compensated and unjustly enriched for hours in which they did not perform work.

## ELEVENTH DEFENSE

Plaintiffs' unpaid wages claim fails to the extent they was only entitled to be compensated at minimum wage for all hours worked, and Plaintiffs were paid in excess of the statutory rate.

## TWELFTH DEFENSE

Plaintiffs seek relief to which they are not entitled by law.

Memorial reserves the right to amend its Answer to add affirmative defenses.

After due proceedings, Memorial prays that the Honorable Court dismiss Plaintiffs' Complaint with prejudice and assess all costs and reasonable attorney's fees against the Plaintiffs and in favor of Memorial.

THIS the 4th day of April, 2016.

Respectfully submitted,

s/Steven R. Cupp
Steven R. Cupp (MSB #99975)
Jaklyn Wrigley (MSB #103773)
Fisher & Phillips LLP
2505 14th Street, Suite 300
Gulfport, MS 39501
Phone:  228-822-1440
Facsimile: 228-822-1441
scupp@laborlawyers.com
jwrigley@laborlawyers.com

FPDOCS 31565659.1

## CERTIFICATE OF SERVICE

I certify that on this 4th day of April, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

John A. Foxworth, Esq.
FOXWORTH LAW OFFICE
1231 28th Street (39501)
Post Office Box 2345
Gulfport, Mississippi 39505
Phone (228) 328-0200
Fax (228) 328-0201
john@foxworthlaw.com

David C. Goff, Esq.
DEUTSCH, KERRIGAN & STILES, LLP
2510 14th Street, Suite 1001
Gulfport, Mississippi 39501
Phone (228) 864-0161
Fax (228) 863-5278
dgoff@dkslaw.com

s/Steven R. Cupp
STEVEN R. CUPP, ESQ.

Steven R. Cupp, Esq. (MSB #99975)
Jaklyn Wrigley, Esq. (MSB #103773)
Fisher & Phillips LLP
2505 14th Street, Suite 300
Gulfport, Mississippi 39501
Phone:  228-822-1440
Fax:  228-822-1441
scupp@laborlawyers.com
jwrigley@laborlawyers.com

FPDOCS 31565659.1